United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KELLY GRACE ANCHETA,**<br>    Plaintiff**,**<br>    vs.<br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,**<br>    Defendants**.** | CASE NO. 16-cv-06520-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 33 |

Plaintiff Kelly Grace Ancheta ("Ancheta") brings this wrongful foreclosure action against defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); Bank of America, N.A. ("BANA"), and The Bank of New York Mellon fka The Bank of New York, as Trustee for the CWALT, INC., Alternative Loan Trust 2006-0A9, Mortgage Pass-Through Certificates, Series 2006-0A9 ("BNYM"). Ancheta alleges two claims: wrongful foreclosure and violation of the California Unfair Competition Law, Business & Professions Code section 17200. The action was initially filed on September 20, 2016, in the Superior Court of the State of California, County of San Mateo, and was removed to this Court on November 9, 2016, based upon diversity. The Court granted defendants' prior motion to dismiss with leave to amend. (Dkt. No. 30.) Plaintiff filed her first amended complaint on May 1, 2017. (Dkt. No. 32 ["FAC"].) Defendants have filed a motion to dismiss the FAC under Rule 12(b)(6) for failure to state a claim based upon the statute of limitations and failure to allege a claim sufficiently. (Dkt. No. 33.)

Having carefully considered the papers submitted, the pleadings in this action, and the documents judicially noticeable,[1] and for the reasons set forth below, the Court **GRANTS** the Motion to Dismiss the FAC **WITHOUT LEAVE TO AMEND**.

The allegations of the FAC are largely the same as those of the original complaint, summarized in the Court's prior order. The Court previously determined that the claims were time-barred on their face, Ancheta had not alleged a plausible basis for tolling the statute of limitations, and Ancheta's conclusory allegations that the assignments of the deed of trust by MERS were void rather than merely voidable were insufficient to state a claim for wrongful foreclosure. In the FAC, Ancheta adds allegations to address both bases for dismissal. These new allegations are not sufficient to cure the defects previously identified in the pleading.

First, as to the equitable tolling deficiency, Ancheta alleges that she was put on inquiry notice that the foreclosure sale might be illegal when her cousin attended a seminar by a forensic mortgage loan auditor in June 2016, and she thereafter retained the services of such an auditor to advise her of her rights (FAC ¶¶40, 51.) "Where a complaint demonstrates on its face that it would be barred without the benefit of the discovery rule, plaintiff must allege facts to show when the facts were discovered and how, as well as the inability to have discovered them earlier in spite of reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005). "[A] potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of all potential causes of that injury." *Id*. "If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light." *Id.* at 808–09.

---

[1] Defendants again request judicial notice of the following:
1. Deed of trust dated April 19, 2006, recorded April 26, 2006;
2. Assignment of deed of trust dated October 7, 2011, recorded October 12, 2011;
3. Notice of Default dated October 7, 2011, recorded October 12, 2011;
4. Notice of Trustee's Sale dated January 12, 2012, recorded January 17, 2012;
5. Trustee's Deed Upon Sale dated February 9, 2012, recorded February 17, 2012
   The Court **GRANTS** the request for judicial notice, as the documents are part of the public record and are included as exhibits to Ancheta's FAC as well. (*See* Compl., Exhs. A, C, H, I and J.)

2

Here, the allegations that Ancheta first realized the foreclosure might have been illegal in 2016 do not excuse a delay of more than four years in investigating whether she had a claim based upon that foreclosure sale. Ancheta apparently was aware of the foreclosure, the underlying indebtedness, and her default at the time they occurred. The foreclosure documents were publicly recorded well before the foreclosure sale occurred. The new allegations do not explain why a delay from February 7, 2012, until the middle of 2016 should be excused. As the Court previously stated, an argument that Ancheta was aware only of the foreclosure proceedings, not any allegedly illegal activities by defendants, simply does not support equitable tolling of the statute of limitations under the facts alleged here. Ancheta's additional allegations do not change the result.

Second, Ancheta adds to her allegations that the foreclosure sale and documents underlying it were *void ab initio*, establishing a wrongful foreclosure. The allegations of the original complaint were that "upon the sale by Countrywide to CWALT Inc., MERS' agency relationship with AME ended" and "MERS [was] unable to establish an agency relationship with Defendant BNYM." (*See* Dkt. No. 1-1, at ¶¶ 15, 16.)[2] In the FAC, Ancheta merely adds that she is not challenging the securitization of her mortgage loan, but instead is contending that the assignments of the DOT and foreclosure documents in 2011 and 2012 were void because the intervening assignments by MERS had no authority to make them under traditional agency law and could not act as nominee for the original lender's successors and assigns, regardless of the

---

[2] The Court notes that Ancheta's factual allegations about MERS' agency appear contradictory to the documents attached to the FAC. Ancheta alleges that MERS had no agency relationship with CWALT. She alleges American Mortgage Express Corporation, the original lender, sold the loan to Countrywide Home Loans, Inc., which later sold the loan to CWALT, Inc. "in a securitization transaction identified as the Alternative Loan Trust 2006-OA9." (FAC ¶¶ 9, 10.) The documents she attaches her FAC show that MERS, as "*nominee for American Mortgage Express Corp.*," executed an Assignment of Deed of Trust to assign the beneficial interest in Ancheta's mortgage to *The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the CWALT, INC.*, Alternative Loan Trust 2006-0A9, Mortgage Pass-Through Certificates, Series 2006-0A9 ("BNYM") (Complaint at Exh. C, Assignment of Deed of Trust recorded September 30, 2011.) While Ancheta alleges CWALT was not a MERS member, she does not allege facts to suggest The Bank of New York Mellon/Bank of New York was not a MERS member or otherwise had a valid agency relationship with MERS.

language in the original deed of trust.[3]  (FAC ¶¶ 16, 35.)

Ancheta's new allegations are no more than conclusions of law, unsupported by the authorities she cites either in her FAC or her opposition to the motion.  The Court must take the facts alleged as true for purposes of a motion to dismiss, but does not "accept *legal conclusions* in the complaint as true, even if 'cast in the form of factual allegations.'" *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (emphasis in original); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Under California law, a borrower has standing to challenge a *void* assignment, but not a merely *voidable* one.  *See Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 938 (2016) (approving of lower court's determination that "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment not merely render it voidable"); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016) ("*Yvanova* recognizes borrower standing only where the defect in the assignment renders the assignment *void*, rather than *voidable*").  Moreover, if an allegedly defective assignment did not alter the plaintiff's payment obligations, and plaintiff does not deny that she defaulted and her debt is in arrears, she cannot show that the allegedly invalid assignment could cause injury and warrant voiding the foreclosure sale.  *Saterbak*, 245 Cal. App. 4th at 819.

As before, Ancheta has failed to allege more than mere conclusions to support the notion that she has standing to challenge the assignments made by MERS, as the nominee for the lender and its assigns, to the extent made outside a proper agency relationship, as legally void rather than merely voidable at the election of the parties to the assignment.  In other words, while she

---

[3] The DOT contained the language:
MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
(FAC Exh. A at 1, 3.)

4

1  contends that MERS lost the power to make assignments, she does not offer legal authority that if
2  MERS nevertheless recorded such assignments, she has a legal basis to claim any subsequent
3  foreclosure sale was void, rather than merely voidable, either under California or New York law.[4]
4  *Cf. Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155–56 (2011) (California
5  law does not recognize a wrongful foreclosure cause of action premised upon requiring the
6  noteholder's nominee to prove its authority to initiate a foreclosure proceeding); *Cervantes v.
7  Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039, 1044–45 (9th Cir. 2011) (even if MERS
8  was a sham beneficiary, as alleged, "we would reject the plaintiffs' conclusion that, as a necessary
9  consequence, no party has the power to foreclose" since the lender would still be entitled to
10 repayment after plaintiffs defaulted on the loan).  She instead cites to inapposite cases under the
11 laws of Oregon, Washington, and Arkansas.  In short, Ancheta again has failed to state a basis for
12 finding the foreclosure sale void rather than merely voidable.

For the same reasons that the wrongful foreclosure claim fails, the UCL claim likewise fails.  The claim is time-barred and the facts alleged are not sufficient to state a basis for equitable tolling.  Moreover, the UCL claim depends upon the merits of the wrongful foreclosure claim.

Consequently, the motion to dismiss the FAC is **GRANTED WITHOUT LEAVE TO AMEND** on the grounds stated.  The FAC is dismissed in its entirety.

This terminates Docket No. 33.

**IT IS SO ORDERED.**

Dated: July 18, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Ancheta indicates that California law applies.  The BNYM trust was established under the laws of the state of New York, and arguably New York law would apply.  *Cf. Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016), *reh'g denied* (Apr. 11, 2016), *review denied* (July 13, 2016) (an untimely assignment, to a securitized trust made in violation of trust terms for a closing date, is voidable, not void, under governing New York state law); *Yhudai v. IMPAC Funding Corp.*, 1 Cal.App.5th 1252, 1259 (2016) *review denied* (Oct. 26, 2016) ("[A] postclosing assignment of a loan to an investment trust that violates the terms of the trust renders the assignment voidable, not void, under New York law," after recent changes in applicable law).  Regardless, Ancheta has cited neither New York nor California law to support her contention that the assignments here would be void for lack of a proper agency relationship.

5